## Albert Kenney, Appt., v. Larissa D. Matlack.

A bill in equity was filed by a landlord to restrain a tenant from removing certain additions to a building, and the tenant filed an answer averring an agreement contemporaneous with the lease and an inducement to it, by which agreement he had a right to remove such additions. *Held,* that the answer was not responsive to the bill so as to entitle the defendant to have the bill dismissed, unless his answer was disproved by two witnesses, or one witness and corroborating circumstances.

(Argued February 10, 1888. Decided February 20, 1888.)

July Term, 1887, No. 86, E. D., before PAXSON, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas of Chester County dismissing exceptions to a master's report in equity. Affirmed.

Bill in equity wherein Larissa D. Matlack was complainant and Albert Kenney, defendant.

The case was referred to a master, Thomas W. Pierce, Esq.

The bill set out complainant's title to certain hotel premises; a lease by her devisor to respondent; and alleged that respondent was about to take away permanent improvements, fixtures, and appurtenances in and about the hotel premises and that he was doing acts calculated to injure and destroy the business of the hotel, which, under the lease and contract, he had no right to remove, injure, or destroy; and prayed that he might be restrained from so doing.

The defendant's answer denied that he was doing acts calculated to injure and destroy the business of the hotel, or that he had threatened to injure, destroy, take away, and remove permanent improvements and fixtures in and about said hotel, and averred that on due and proper proof of the lease and contract

NOTE.—Where an answer is responsive it must stand until overcome by sufficient proof. Bell v. Farmers Deposit Nat. Bank, 131 Pa. 318, 18 Atl. 1079; Bailie v. Bailie, 166 Pa. 472, 31 Atl. 246; Fidelity Title & T. Co. v. Weitzel, 152 Pa. 498, 25 Atl. 569; Hand v. Weidner, 151 Pa. 362, 25 Atl. 38. But if new matter is set up, or the averments of the bill are not directly denied, the bill is not responsive. Everhart's Appeal, 106 Pa. 349; Erie & P. R. Co.'s Appeal, 3 Pennyp. 164; Cressona Sav. Fund & Bldg. Asso. v. Sowers, 134 Pa. 354, 19 Atl. 686; Riegel v. American L. Ins. Co. 153 Pa. 134, 19 L. R. A. 166, 25 Atl. 1070.

between William P. Matlack (the complainant's devisor) and himself, it would appear that he was entitled to remove certain improvements and appurtenances in and about said hotel property, placed for the purposes of trade, by himself, and in furtherance of his business as an innkeeper; that when the lease was signed, the defendant, wishing to extend his accommodations and to make valuable improvements in and about said hotel, for the purpose of trade, mentioned the same to Mr. Matlack, who then and there expressly agreed that he might make such improvements and additions in and about said hotel property, for his own benefit, and at his own expense, and at the end of the term remove the same unless Mr. Matlack should compensate him for them; that this agreement formed a consideration for, and was an inducement to, signing the lease, and was so understood and agreed by and between them both.

At the hearing no testimony was offered by the defendant as to the alleged parol agreement. The master found that the setting up of the parol agreement was not responsive to the bill, and that defendant was not entitled to have the bill dismissed on the ground that his answer must be taken as true, unless overthrown by two witnesses or one witness and corroborating circumstances.

The master also found that certain of the improvements, additions, and alterations were of a permanent character, and were intended to be a part of the realty, and that they could not be removed without serious injury; and as to other additions and erections, there was no intention to permanently annex them to the freehold, and that they were therefore removable. He recommended the following decree:

"This cause coming on to be heard finally, the court do order, adjudge, and decree that the defendant, Albert Kenney, be perpetually restrained and enjoined from tearing down, removing, or taking away from the Eagle hotel property, the ash and walnut floor, laid in the front and side halls, the frame addition used for a summer dining room, the coat or store room, the second story dining room elevation, comprising the three bed chambers, the carving room; and the cupboard therein, the hitching posts and rails on the Walnut street front, the fence upon the drove lot, the material used in the alteration of the ends of the shedding on the stable yard into carriage houses, the registers and slates around the same in the dining room and the hall

above, the double glass doors in the dining rooms, the gas pipes in the summer dining room, the second story addition, and in the carving room, the sheet iron sink in the kitchen and the iron sink in the wash house, and the tin spouting upon the stable yard shed; and that the preliminary injunction, heretofore issued, restraining the said defendant from removing the board cupboard in the dining room vestibule, the pump and shedding upon the drove lot, the bath tub, the bar in the barroom and the ice chest, copper sink in the same and the beer rigging in the same and in the cellar underneath, be dissolved; and that the costs of the proceedings be paid, three fourths by Albert Kenney, the defendant, one fourth by Larissa D. Matlack, the plaintiff."

The defendant filed the following exceptions:

The learned master erred: (1) In holding that the answer of the respondent was not responsive to the plaintiff's bill; (2) in not finding as a fact as alleged in the answer that there was an agreement between William P. Matlack, deceased, and the respondent; that the improvements in controversy should be for the benefit of the respondent, and that he should have the right to remove them, unless Mr. Matlack should compensate him for them; (3) in not finding as a fact that the improvements in controversy were made by the respondent in and about the hotel property, at his own expense, for his own benefit, and with an intention on his part, at the time of making such improvements, to remove the same before the end of his term, unless Mr. Matlack, or his assigns, should compensate him for them; (4) in not finding as a fact that the defendant had a right to remove the improvements in controversy; (5) in not recommending the entire dismissal of the plaintiff's bill; (6) in saying that the agreement to remove said improvements should have formed a part of the lease; (7) in finding that the floor in the front and side halls, mentioned in the respondent's answer, was a permanent accession to the realty and was intended to be permanent; (8) in finding that the frame addition for the summer dining room, and the gas pipes running to the same, are permanent additions to the freehold and were so intended when constructed; (9) in finding that the inheritance would be materially injured by the removal. (He should have found that the defendant intended on removing the same to put the property in as perfect a condition as it was before the improvements were made. In

the same connection the master erred in finding that the passage ways to the second floor were made by breaking through the brick wall. In fact they are through windows which were previously there); (10) in finding that the carving room and cupboard therein are permanent accessions to the freehold and were intended to remain in and form part of the building; (11) in finding that the two carriage houses on the stable lot are permanent accessions to the freehold and were intended to be given to the inheritance; (12) in finding that the registers and slates mentioned in the defendant's answer were permanent accessions to the freehold and were not put in with a purpose of annexing them temporarily; (13) in finding that the double glass doors in the dining room were placed there with the purpose of being made permanent accessions to the freehold; (14) in finding that the gas pipes in the new frame addition were permanent accessions to the freehold; (15) in finding that the iron sink in the kitchen and the slop sinks in the wash house were put in without intention of removal and are permanent accessions to the freehold. (In this connection the master erred in finding as a fact that the kitchen sink is of sheet iron. In point of fact it is a superior galvanized iron sink; and it did not, as stated in the report, supply a former drain, but was an entirely new construction by the respondent); and (16) in the decree recommended, and especially in placing three fourths of the costs upon the respondent.

The court, FUTHEY, P. J., dismissed the exceptions, filing the following opinion:

We are of opinion that the master is right in his conclusions. The agreement between the parties was in writing. The defendant seeks to avoid its effect by setting up an agreement by parol, altering its terms and giving him rights which he would not have under the lease as written. This is a distinct and independent agreement; and to have the benefit of it, the defendant must make such proof of it as is required by law in such cases.

A defendant in equity, in making answer to the allegations contained in a bill, is a witness for the plaintiff for that purpose, but for no other. He cannot make himself a witness for himself, generally, and introduce other facts, either in avoidance or defense.

The allegations of the bill here are that the parties had entered

into a written agreement, and that the defendant is about to do the acts in violation of his duties, under that agreement. He answers that he is about to do the acts complained of, but that he has the right to do so, by virtue of a parol agreement, which was an inducement to the written agreement. This part of the answer is certainly not responsive, but by way of avoidance or defense.

A test spoken of in cases on the question whether an answer is responsive, is, whether as a witness on examination he could be cross-examined as to the matter which he states in anticipation of his defense on a trial at law. Now it is clear to the mind of the court that he could not be thus cross-examined. He is a witness for the plaintiff to admit or deny the written lease; but he could not be cross-examined in anticipation of his defense, either as to an independent or dependent parol agreement. It is a well-settled rule that a party in the cross-examination of a witness will not be permitted to lead out new matter constituting his own case, which he has not yet opened to the jury.

In Thomas v. Loose, 114 Pa. 35, 6 Atl. 326, there was a written contract between the parties. The plaintiff called his agent, who was present when the agreement was entered into and signed, to prove its execution. He was asked on cross-examination as to parol stipulations entered into at the same time, which materially affected the terms of the written agreement, and on the faith of which it was executed. The supreme court said that this was the heart of the defense, and could not be introduced by way of cross-examination of plaintiff's witness.

It was entirely proper that the alleged fact that there was a parol agreement affecting the written agreement and giving the defendant the rights which he claimed, should be stated in the answer. The defense was one proper to be made. We simply cannot give to such an answer, standing alone, the effect claimed for it, of throwing the burden of showing it was not true on the plaintiff. It was a proper matter of defense, but to be proven as such by the defendant, by the introduction of evidence for that purpose. Where an agreement is in writing the burden is on the party who assails it, and the writing itself stands as evidence of the contract, until beaten down by proper evidence.

To allow to the answer here the effect claimed for it would be to enable the defendant with a breath to blow aside a solemn written agreement.

In the absence of any evidence on the part of the defendant other than the answer, the master was right in holding that the case rested on whether the erections, improvements, and fixtures desired to be removed were movable fixtures, as between landlord and tenant, or whether they had the character of permanent accessions and alterations to the real estate, and were not removable.

The master finds, after a very full investigation, that certain of the additions and alterations were, from their character and the manner in which they were made, intended to be permanent improvements to the realty, and to form part thereof, and not to be removed by the tenant, and that they could not be removed without doing serious injury, and that with regard to other erections and additions, there was no intention to permanently annex them to the freehold, and that they are removable.

We agree with the master in his findings, and it is proper that the decree which he recommends (restraining the defendant from removing certain structures and permitting the removal of others), should be made.

The assignments of error specified: (1–16) The action of the court in dismissing the defendant's exceptions to the master's report; and (17) in entering the decree recommended by him.

J. Frank E. House and R. Jones Monaghan, for appellant.— The answer is responsive to the bill. 2 Story, Eq. § 1528; Pusey v. Wright, 31 Pa. 395; Dunham v. Jackson, 6 Wend. 22; Eaton's Appeal, 66 Pa. 493; Cresson's Appeal, 91 Pa. 180; Burke's Appeal, 99 Pa. 360.

The lease relied on by plaintiff merely proves title. The ground of equitable relief is not the lease, but the fact, if it exists, that the improvements in question are permanent in their nature; and defendant could set up the agreement permitting him to remove them, in his answer. See Burke's Appeal, 99 Pa. 360; Eberly v. Groff, 21 Pa. 251; Rowley's Appeal, 115 Pa. 150, 9 Atl. 329; Youle v. Richards, 1 N. J. Eq. 540, 23 Am. Dec. 722; and Dampf's Appeal, 106 Pa. 79.

When a defendant answers, he must answer fully; and the charges of fact which are left unanswered are always taken as confessed to be true; and as to them the complainant is entitled

to a decree without submitting proofs. Bowker **v.** Gleason (N. J. Eq.) 9 Cent. Rep. 669, 11 Atl. 324.

The improvements here made were unquestionably, under the law of Pennsylvania, trade fixtures, and removable by the tenant at the end of his term. Van Ness v. Pacard, 2 Pet. 143, 7 L. ed. 376; Ewell, Fixtures, p. 89.

To constitute a fixture there must be such an annexation as to render removal impossible without injury to the freehold. Swift v. Thompson, 9 Conn. 63; 10 Barb. 505.

This should be qualified by saying, "without material injury to the freehold." Hanrahan v. O'Reilly, 102 Mass. 203.

It it not the rule in the United States that trade buildings must be such as can be taken away bodily so as to be at once put together. Ewell, Fixtures, p. 98; Seeger v. Pettit, 77 Pa. 439, 18 Am. Rep. 452. See Dubois v. Kelly, 10 Barb. 501; Holmes v. Tremper, 20 Johns. 29, 11 Am. Dec. 238; Whiting v. Brastow, 4 Pick. 310; 2 Kent, Com. ** 343, 344 f.; and Ombony v. Jones, 19 N. Y. 244.

The fact that the building was not affixed to the other structures is immaterial. Hanrahan v. O'Reilly, 102 Mass. 202; Hill v. Sewald, 53 Pa. 274, 91 Am. Dec. 209; Seeger v. Pettit, 77 Pa. 439, 18 Am. Rep. 452; Antoni v. Belknap, 102 Mass. 193; White's Appeal, 10 Pa. 252.

*William M. Hayes* and *John J. Pinkerton,* for appellee.—A defendant cannot, in his answer, set up another subsequent, independent, and distinct fact, not stated in the bill. If he does so, it is not responsive and therefore not within the rule giving it weight as evidence. Eaton's Appeal, 66 Pa. 490; Greenl. Ev. § 284.

A defendant cannot, by his answer, make himself a witness for himself generally, and introduce facts other than those constituting the allegations contained in the bill, either in avoidance or defense. Eaton's Appeal, 66 Pa. 490; Fisler v. Porch, 10 N. J. Eq. 248.

The answer filed in this case contains an assertion of a right in affirmative opposition to the complainant's demand, and is not, therefore, to be taken as evidence for the respondent. Greenl. Ev. § 287; Busby v. Littlefield, 33 N. H. 76; Sheldon v. Sheldon, 3 Wis. 699; Spaulding v. Holmes, 25 Vt. 491; Thompson v. Lambe, 7 Ves. Jr. 587; Boardman v. Jackson, 2

Ball & B. 382; Beckwith v. Butler, 1 Wash. (Va.) 224; Paynes v. Coles, 1 Munf. 373; Bush v. Livingston, 2 Cai. Cas. 66, 2 Am. Dec. 316; Green v. Hart, 1 Johns. 580; Hutchinson v. Tindall, 3 N. J. Eq. 364.

For the distinction between allegations upon those subjects upon which the bill requires an answer, and allegations of new matter, not stated or inquired of in the bill, but introduced by the defendant in his defense, see Bellows v. Stone, 18 N. H. 465.

It is error for the court to order a nonsuit, on the ground that the plaintiff's own witness had testified to matter constituting a good defense. Hughes v. Westmoreland Coal Co. 104 Pa. 213; Longenecker v. Pennsylvania R. Co. 105 Pa. 334; Thomas v. Loose, 114 Pa. 35, 6 Atl. 326.

The rule that evidence of two witnesses, or of one witness and corroborative circumstances equivalent to another, is necessary to overcome a responsive answer in chancery, does not apply when the answer is made by one who, on a trial at law, would not be a competent witness to testify as to the facts set out in the answer. Socher's Appeal, 14 W. N. C. 381; Winn v. Albert, 2 Md. Ch. 169; Thomas v. Loose, 114 Pa. 35, 6 Atl. 326; Hart v. Ten Eyck, 2 Johns. Ch. 62.

Most of the improvements were of a permanent nature.

It is not the character of the physical connection with the realty, which is the legal criterion of annexation, but the intention to annex, whether rightfully or wrongfully. Hill v. Sewald, 53 Pa. 271, 91 Am. Dec. 209. See also Meigs's Appeal, 62 Pa. 28, 1 Am. Rep. 372; Seeger v. Pettit, 77 Pa. 437, 18 Am. Rep. 452; and Price's Appeal, 54 Pa. 484.

PER CURIAM:

The opinion of the learned president judge of the court below contains a very clear and accurate discussion of the law of this case. We do not see any necessity of our adding anything to what he has so well said.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.